**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM BOND

    Plaintiff/Counter-Defendant,

v.                                                      Case No. 09-CV-11699

U.S. MANUFACTURING CORP.,

    Defendant/Counter-Plaintiff.
                                                                 /

**OPINION AND ORDER GRANTING DEFENDANT'S "MOTION FOR SUMMARY
JUDGMENT ON COUNTERCLAIM"**

Pending before the court is Defendant U.S. Manufacturing Corporation's "Motion for Summary Judgment on Counterclaim" filed on April 5, 2010. Plaintiff William Bond filed a response to the motion. The court conducted a hearing on the motion on July 22, 2010. For the reasons stated below, the court will grant Defendant's motion.

## I. INTRODUCTION[1]

Defendant initiated this counterclaim on October 14, 2009 to assert one count of fraudulent misrepresentation against Plaintiff William Bond under Michigan state law. This court exercises its supplemental jurisdiction to adjudicate the matter under 28

---

[1] Plaintiff did not adhere to this court's motion practice guidelines with respect to factual contentions. *See* July 22, 2009 "Scheduling Order," requiring Plaintiff to number his statement of facts to correspond to the moving party's statement. Plaintiff's "Facts in Dispute," however, do not correspond to the numbered facts in Defendant's brief. (Pl.'s Resp. Countercl. Summ. J. at 4.) For example, Defendant's first proposed fact states: "On March 1, 2004, U.S. Manufacturing hired Plaintiff as a Manufacturing Technician." (Def.'s Br. Countercl. Summ. J. at i.) However, Plaintiff's first "Fact in Dispute" states: "William Bond denied in his deposition that he intended to deceive US Manufacturing [sic] in his applications for insurance." (Pl.'s Resp. Countercl. Summ. J. at 4.) The result is a jumble of alleged facts, some of which are uncontested, irrelevant, uncertain, or easily misunderstood.

U.S.C. § 1367(a). The counterclaim alleges that Plaintiff misrepresented his marital status on his health and dental insurance forms by listing a woman as his spouse even though he was not actually married and that Defendant paid higher premiums as a result. Defendant now asserts that it is entitled to summary judgment on the counterclaim because as a matter of law (1) Plaintiff falsely represented the material fact of his marital status; (2) Plaintiff knew the representation was false when he made it; (3) Plaintiff intended that Defendant would rely on the false representation; (4) Defendant in fact relied on the representation; and (5) Defendant suffered damage in the form of higher insurance premiums as a result of its reliance. As explained below, the court will grant Defendant's motion.

## II. BACKGROUND

The following facts are uncontested.[2] Defendant U.S. Manufacturing Corporation ("USMC") hired Plaintiff as a Manufacturing Technician on March 1, 2004. (Def.'s Ex. A, Pl.'s Dep. at 50:12-14, 21-23.) That day, Plaintiff completed enrollment forms for USMC's health and dental insurance plans, in which USMC permits an employee to enroll a spouse. (Def.'s Ex. B; Def.'s Ex. A, Pl.'s Dep. 185:18–186:12; Def.'s Ex. C,

---

[2] Plaintiff also did not adhere to the Scheduling Order's exhibit guidelines. Although Plaintiff referred to various purported "exhibits" in his counterclaim response brief, he did not include either a "fact appendix," or even attach any exhibits. Plaintiff's factual contentions are therefore left unsupported and their substance, if any, rendered incapable of being assessed or relied upon. These problems were first pointed out in Defendant's Reply to Plaintiff's Response, filed some two months ago, on May 17, 2010. Since that time there has been no indication of any attempt to supplement or otherwise correct any of Plaintiff's various briefing deficiencies. Plaintiff has not provided a Chambers' copy of the exhibits, has not attached them to his brief in response to the motion for sanctions pending in this case, did not present them at the hearing, and has not presented them since the hearing.

2

Hudson Aff. at ¶ 10.) On these enrollment forms, Plaintiff named "Gail Stamps Bond" as his spouse. (Def.'s Ex. B.) Plaintiff was not married at the time and had never been married as of his September 9, 2009 deposition. (Def.'s Ex. A, Pl.'s Dep. at 186:9-10, 5:9-10.) A woman named Gail Stamps ("Stamps") is Plaintiff's girlfriend, and Plaintiff testified that he named Stamps as his spouse because "[they] were getting married," even though they had not yet wed. (Def.'s Ex. A, Pl.'s Dep. at 4:9-10, 4:17, 186:4.) USMC enrolled Stamps in its health and dental insurance plans and paid $25,087.68 in additional premiums to cover her from March 2004 to September 2009, except when Plaintiff was on layoff for a seven month period between December 2008 and June 2009. (Def.'s Ex. C, Hudson Aff. at ¶ 5.) On September 10, 2009, the day after his deposition in this matter, Plaintiff submitted to USMC paperwork to remove Stamps from his company insurance policy. (Def.'s Ex. C, Hudson Aff. at Ex. C at ¶ 12.)

### III. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial," and the moving party is entitled to judgment as a matter of law, "entry of summary judgment is appropriate." *Gutierrez v.*

*Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

At summary judgment, the court determines whether the evidence produced creates a genuine issue for trial; it does not weigh evidence to determine the truth of the matter. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). To prevail at summary judgment, a moving party who will bear the burden of persuasion at trial "must satisfy both the initial burden of production on the . . . motion by showing that no genuine dispute exists as to any material fact and [also] the ultimate burden of persuasion on the claim by showing it would be entitled to a directed verdict at trial." *Vance v. Latimer*, 648 F. Supp.2d 914, 919 (E.D. Mich. 2009) (citation omitted). The burden then shifts to the nonmoving party, who "must make an affirmative showing with proper evidence . . . to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (*citing Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). The non-moving party must put forth enough evidence to show "a genuine issue for trial" in spite of the evidence the moving party has produced to carry its initial burden. *Horton v. Potter,* 369 F.3d 906, 909 (6th Cir. 2004) (citing *Matsushita*, 475 U.S. at 587 (1986). Summary judgment is not appropriate when "the evidence . . . is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (1986).

## IV.  DISCUSSION

For Defendant to prevail on its fraud counterclaim under Michigan law, it must show that: (1) Plaintiff made a false representation about a material fact; (2) Plaintiff knew the representation to be false at the time he made it or made the representation recklessly, without any knowledge of its truth; (3) Plaintiff made the representation with the intent that U.S. Manufacturing would act on it; (4) U.S. Manufacturing acted in reliance on Plaintiff's false representation; and (5) U.S. Manufacturing suffered injury as a result of that reliance. *Zaremba Equip. Inc. v. Harco Nat'l Ins. Co.*, 761 N.W.2d 151, 165 (Mich. Ct. App. 2008). Each element "'must be found to exist; the absence of any one of them is fatal to a recovery.'" *Cooper v. Auto Club Ins. Ass'n*, 751 N.W.2d 443, 448 (Mich. 2008) (quoting *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976)). At trial the standard of proof[3] by which Defendant must establish these five elements appears to be the "clear and convincing" standard because Defendant asserts fraud as a claim for relief rather than as a defense to breach of contract. Michigan case law, however, is not entirely clear on this issue. *See Zion Christian Church v. Brotherhood Mut. Ins. Co.*, 126 F. App'x 235, 240 (6th Cir. 2005) (noting that "Michigan case law is not crystal clear on what constitutes the proper quantum of proof" in fraud cases, and holding that the preponderance of the evidence standard applied where fraud was raised as a defense rather than as an independent cause of action) (citations omitted). Any ambiguity that may exist in Michigan law concerning the standard of proof does not foreclose a dispositive determination here because

---

[3] The standard of proof is relevant at summary judgment because a jury's ability to reasonably render a decision "cannot be defined except by the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

Defendant is entitled to summary judgment on its fraud counterclaim even under the higher "clear and convincing" standard.[4]

## A. Plaintiff's Allegedly False Representation

Defendant argues that Plaintiff admitted to falsely representing his marital status at his September 9, 2009 deposition where Plaintiff acknowledged both that he completed insurance forms listing Ms. Stamps as his spouse and also that he had never been married. Plaintiff does not now contest the validity of his deposition testimony. Instead, Plaintiff asserts in his response brief that listing Stamps as his spouse was not false because (1) the terms of the form allowed him to name as a "spouse" a person he would marry within 30 days and (2) he had planned to marry Ms. Stamps at the time he filled out the form. The only conclusion that a reasonable jury could reach is that

---

[4]The court also notes an alternative ground to reach the same disposition of this case: Under Federal Rule of Civil Procedure 8(b), Plaintiff's answer to USMC's counterclaim failed to properly admit, deny, or assert insufficient knowledge to admit or deny USMC's allegations – the only three responses the Federal Rules permit. *See* Fed. R. Civ. P. 8(b); *United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp.2d 816, 825-28 (E.D. Mich. 2010). Rather, in response to paragraphs 7 to 10 and 16 to 17, Plaintiff merely stated that Bond "neither admit[s] nor den[ies]" Defendant's allegations and left Defendant "to its proofs." (Pl.'s Am. Answer Countercl. at ¶¶ 7-10, 16-17, Mar. 17, 2010.) Plaintiff did not state that he lacked "knowledge or information sufficient to form a belief about the truth of the allegation[s]." Fed. R. Civ. P. 8(b)(5). Nor could he have – Plaintiff indisputably had ample knowledge of at least the allegations contained in paragraphs 7, 9, and 10. Paragraph 10 of the counterclaim, for instance, alleged that "[o]n September 9, 2009," the date of Bond's deposition, "U.S. Manufacturing learned from Plaintiff/Counter-Defendant that he has never been married and that his girlfriend was Gail Stamps." (Def.'s Answer Countercl. at ¶ 10, Oct. 14, 2009.) Plaintiff's evasive and improper responses to the allegations in the counterclaim operate as admissions, *Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp.2d at 825-28, and the court could very well have resolved this case by treating Plaintiff's evasive answers as such. Fed. R. Civ. P. 8(b)(6)

Defendant has shown, by clear and convincing evidence, that Plaintiff's representations were false.

Plaintiff acknowledged at his deposition that he filled out USMC's insurance enrollment form dated March 1, 2004 on which he listed "Gail Stamps Bond" as his spouse. (Def.'s Ex. A, Pl.'s Dep. at 185:18-186:12; Def.'s Ex. B). Plaintiff further acknowledged that his girlfriend was Gail Stamps, that he had never been married, and that there is no person named "Gail Stamps Bond." (Def.'s Ex. A, Pl.'s Dep. 4:17, 5:9-10, 186:11-12.) Plaintiff's own testimony, therefore, establishes the first fraud element as a matter of law.[5]

Plaintiff attempts to discount this evidence by arguing that USMC's insurance forms allowed the employee to list a future spouse thirty days prior to the employee's wedding. The only evidence Plaintiff has submitted in support of this theory, however, is his testimony that he listed Stamps as his spouse because "[they] were getting married . . . ." (*Id.* 186:14). This evidence alone is not enough to create a genuine issue on the first element of a fraud claim. Even accepting as true Plaintiff's representation that he was getting married to Stamps, he has not submitted any admissible evidence

---

[5] Plaintiff's counsel argues that Bond did not admit that he checked the "married" box on the insurance form and asserts that, perhaps, someone other than Bond scratched out the "single" box. Accordingly, Plaintiff maintains, there is "evidence" that someone may have tampered with the single/married check-boxes after Bond signed the form and therefore that Bond did not falsely state his marital status. Even if supported, this argument is irrelevant in light of the other false representations Plaintiff explicitly admitted to making: it is undisputed that Plaintiff listed "Stamps-Bond" as his spouse even though (1) he was not married and (2) no person named "Stamps-Bond" exists. (Def.'s Ex. A, Pl.'s Dep. at 4:17, 5:9-10, 185:18-186:12; Def.'s Ex. B.) There are thus two undisputed false representations of material fact that satisfy this element of Defendant's counterclaim even if Plaintiff did not check the "married" box.

that the insurance forms allowed future spouses to be listed.  On the other hand, Defendant has attached to its brief an affidavit from USMC's Director of Human Resources, Laura D. Hudson.  (Def.'s Ex. C.)  Hudson avers that the backs of the dental and health insurance forms Plaintiff completed for Defendant were blank,[6] (Hudson Aff. ¶ 3), and that Defendant does not permit employees to enroll a person as a spouse in company insurance until they are actually married, (*Id.* ¶ 10).  Plaintiff has failed to submit any evidence contradicting Hudson's affidavit.

The court views this evidence in the light most favorable to Plaintiff, the non-moving party, and draws all reasonable inferences in Plaintiff's favor to assess whether Defendant has met its burden to demonstrate no genuine issue of material fact and entitlement to judgment as a matter of law on the "false representation" element of its claim.  *Sagan*, 342 F.3d at 497.  But there are no reasonable inferences to draw in favor of Plaintiff.  Plaintiff admitted in his deposition that he named Stamps as his (intended) spouse on USMC's insurance form even though he had never been married, and Hudson's sworn affidavit establishes that enrolling a purportedly soon-to-be spouse was against USMC's insurance policy. On these facts, a reasonable jury could not reach any conclusion except that Plaintiff falsely represented his marital status.

---

[6] The front side of the form that Bond signed refers to "important information on the reverse side." (Def.'s Ex. B.)  At the hearing, Defendant's counsel explained that the original insurance enrollment form Blue Cross Blue Shield provided USMC may have had a reverse, but that USMC photocopied only the front of that form to distribute to its employees by the time Bond received one.  Accordingly, Defendant maintains, the form Bond signed had only a front side.  In any case, Bond has not produced any evidence to contradict Hudson's sworn statement that the back of Bond's form was blank.

8

Defendant has therefore met its initial burden to show that it is entitled to succeed on the "false representation" element of its counterclaim.

Because Defendant has met its initial burden, the burden shifts to Plaintiff, as the non-moving party, to "'come[] forward with probative evidence that [demonstrates] the existence of a triable issue of fact.'" *Vance v. Latimer*, 648 F. Supp.2d at 919 (quoting *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003)). Plaintiff has not met that burden. Plaintiff's response brief refers to an "Exhibit 4," which purportedly shows that USMC permitted Plaintiff to enroll a person as a spouse up to 30 days prior to actually marrying that person. (Pl.'s Resp. at ¶ 5.) But, as discussed *ante* at footnote 2, Plaintiff did not attach this exhibit – or, for that matter, any exhibits – to its counterclaim brief and has not since presented any counterclaim exhibits to this court. Even if Plaintiff had produced an exhibit to show that Defendant had a "30 days is close enough" spousal enrollment policy, Plaintiff still has stated only that he and Stamps "were getting married" sometime in the undefined future. (Pl.'s Dep. 186:14). He has not produced any evidence to show that they had a marriage ceremony scheduled *within 30 days after Plaintiff submitted the insurance form*. On record currently before the court, in any case, no reasonable jury could find that USMC had a "30 days is close enough" spousal enrollment policy, that Plaintiff was in compliance with it, and that Plaintiff's representation was therefore not "false." Plaintiff has thus failed to raise a genuine issue of material fact, and Defendant is entitled to succeed on this component of its claim.

Furthermore, as noted *ante* at footnote 2, Plaintiff has failed to produce *any* evidence to oppose Defendant's motion – Plaintiff did not file his purported exhibits with

9

this court. For this reason as well, Defendant is entitled to summary judgment on the "false representation" element of its counterclaim. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)) ("The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."); *Sayre v. City of Cleveland*, 493 F.2d 64, 70 (6th Cir. 1974) (holding that summary judgment appropriate where moving party meets its initial burden and non-moving party does not file counter affidavits or other materials to oppose the motion.) .

## B. Plaintiff's State of Mind

Two aspects of Plaintiff's state of mind are relevant to Defendant's fraud counterclaim. First, Defendant must show that Plaintiff knew that listing Stamps as his spouse was false at the time he filled out the insurance form. Second, Defendant must show that Plaintiff intended USMC to act on Plaintiff's falsely represented marital status. In evaluating these elements of Defendant's fraud claim, the concepts of "state of mind" and "'intent' [are] really shorthand for a complicated series of inferences all of which are rooted in tangible manifestations of behavior. [T]he external behavior ordinarily thought to manifest internal mental states is all that matters." *Fed. Deposit Ins. Corp. v. St. Paul Fire and Marine Ins. Co.*, 942 F.2d 1032, 1035 (6th Cir. 1991) (citation omitted). Finally, even where state of mind is at issue, "summary judgment is appropriate if all reasonable inferences defeat the claims of one side." *In re Beckham*, 421 B.R. 602 (table), 2009 WL 1726526, at *6 (B.A.P. 6th Cir. 2009) (citations omitted); *see also Street v. J.C.*

*Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) ("Cases involving state of mind issues are not necessarily inappropriate for summary judgment.").

### 1. Plaintiff's knowledge that his representation was false

Defendant argues that Plaintiff admitted during his deposition that he knew naming Stamps as his spouse was false at the time he completed the insurance form. Plaintiff responds that Defendant has produced insufficient evidence of Plaintiff's state of mind. The court finds that Defendant is entitled to prevail on this element of its fraud counterclaim.

As Defendant points out, and as discussed above, the uncontroverted evidence shows that Plaintiff named Stamps as his spouse under the name Gail Stamps Bond, even though he was not married and USMC did not permit the enrollment of an unmarried partner. Furthermore, the uncontested evidence also shows that Bond did the same thing with a prior employer in 1998.[7] (Def.'s Ex. E.) Based on this evidence, Plaintiff's state of mind "must be inferred from the circumstances as they appear to the reasonable person," *NLRB. v. Constr. & Gen. Laborers' Union Local No. 534*, 778 F.2d 284 (6th Cir. 1985), and "'[f]requently the most probative evidence of intent will be objective evidence of what actually happened rather than evidence describing the

---

[7] During discovery in this matter, USMC asked Bond to admit the authenticity of two insurance documents he filled out for his former employer, Weldmation, Inc. (Def.'s Ex. E.) On these forms, dated August 24, 1998, Bond listed "Gail Stamp-Bond" and "Gail Denise Stamps-Bond" as his spouse. Bond does not contest that he failed to timely respond to USMC's Rule 36 requests for admission; nor does Bond now dispute the authenticity of these documents. Under Rule 36(a)(3), a party's failure to respond to a request for admission within 30 days of being served operates as an admission. Fed. R. Civ. P. 36(a)(3). Bond has therefore admitted that the 1998 insurance documents are "true, accurate, and authentic." (Def's. Ex. E.)

subjective state of mind of the actor,'" *United States v. Al-Zubaidy*, 283 F.3d 804, 809 (6th Cir. 2002) (quoting *Washington v. Davis*, 426 U.S. 229, 253 (1976)). Here, no reasonable jury could find that Defendant has failed to establish by clear and convincing evidence that Plaintiff knew his representation was false at the time he made it: Plaintiff admittedly (1) named his girlfriend on USMC's insurance form calling only for spouses; (2) did not correct this false statement for over 5 years, during which Stamps was covered for all but 7 months; and (3) made a similar misrepresentation with a prior employer in 1998. At the very least, no reasonable jury could find that Plaintiff was not reckless by a clear and convincing standard of proof about the risk that listing Stamps as his spouse was inconsistent with USMC's spousal enrollment policy and therefore "false." Recklessness is enough to satisfy the "knowledge" element of a fraud claim under Michigan law. *Colley v. Conseco Medico Ins. Co.*, 11 F. App'x 487, 493 (6th Cir. 2001) (citing *H.J. Tucker & Assoc., Inc. v. Allied Chucker & Eng'g Co.*, 595 N.W.2d 176, 187 (Mich. Ct. App. 1999)).

Plaintiff has produced no affidavits, documents, contemporaneous statements, or any other evidence from which a jury could reasonably infer that Plaintiff did not know that naming Stamps as a spouse was false at the time he submitted the insurance form. *See Foreman v. Foreman*, 701 N.W.2d 167, 176 (Mich. Ct. App. 2005) (citation omitted) (finding in the context of fraud that mental state "'is determined not so much by what one says as it is by what one does.'"). Plaintiff has presented no evidence, for instance, that Defendant's spousal enrollment policy allowed Plaintiff to name as a spouse a person he would marry within 30 days of completing the form. Nor has Plaintiff even testified that Defendant had such a policy or that he *thought* Defendant

12

had such a policy.  All that is before the court is Plaintiff's attorney's unsubstantiated assertion that the alleged policy exists.  Further, a fact finder could not reasonably infer that Plaintiff thought his representation was "true" at the time he made it merely from Plaintiff's testimony that he named Stamps as a spouse because "[they] were getting married."[8]  Accordingly, there is simply no objective evidence from which to infer that Plaintiff thought his representations were true when he completed USMC's insurance forms.  Plaintiff has thus failed to meet his burden to raise a genuine issue of material fact.  *See Alexander*, 576 F.3d at 558; *Ann Arbor Trust Co. v. North Am. Co.*, 383 F. Supp. 310, 315 (E.D. Mich. 1974) (A responding party cannot create a genuine issue of material fact "by asserting that proof will be forthcoming at trial or by relying upon unsupported allegations or claims in the pleadings.").

### 2. Plaintiff's intent that defendant rely on his false representation

Defendant argues that Plaintiff misrepresented his marital status to induce Defendant's reliance and thereby obtain insurance coverage for Stamps.  Plaintiff responds that Defendant has produced insufficient evidence of Plaintiff's intent.  The court disagrees.

The principal evidence that Plaintiff intended for Defendant to act on his falsely stated marital status is Plaintiff's admission that he completed and submitted to USMC the insurance form naming "Stamps Bond" as his spouse.  Based on the rebuttable presumptions that an actor intends "the natural consequences of his deeds,"

---

[8]And, as noted above, even if Plaintiff could have established the existence of the supposed 30-day policy, Plaintiff has provided no sworn statement that he in fact planned to marry Stamps within 30 days after submitting the form.

13

*Washington v. Davis*, 426 U.S. 229, 253 (1976), and the substantially certain results of his conduct, *Travis v. Dreis and Krump Manufacturing Company*, 551 N.W.2d 132, 142 (Mich.1996) ("[t]he commonly accepted meaning of the word "intent" includes a state of mind in which the actor is substantially certain that his act will produce a certain result"), no reasonable jury could find that Plaintiff did *not* intend that Defendant rely on his falsely stated marital status. The *raison d'être* of an insurance form is simple: to provide information and induce an insurer's reliance on the statements contained therein. Such reliance is substantially certain. Simply put, absent evidence to the contrary, one who completes and submits an insurance form intends, as a matter of law, that the insurer rely on it. *See United States v. Cripps*, 460 F. Supp. 969, 975-76 (E.D. Mich. 1978) (holding that a person who submitted contractor bids to HUD intended HUD to rely on them as a matter of law); *cf. Wettlaufer Mfg. Corp. v. Detroit Bank*, 37 N.W.2d 674, 676-78 (Mich. 1949) (imputing fraudulent intent to a bank teller where the teller represented an unsigned document as a bill of lading even though the teller knew that the function of a bill of lading is to certify a carrier's receipt of the goods represented on the bill). In addition, the form Plaintiff completed states, next to his signature, that Blue Cross "will rely upon the completeness and truthfulness of the information given and the statements made" on the form. (Def.'s Ex. B.)

Plaintiff has failed to submit any evidence to raise a triable issue of fact on the question of Plaintiff's intent that USMC rely on his misrepresentations. Plaintiff's counsel contends that, during his deposition, Plaintiff denied that he intended USMC to rely on his falsely-stated marital status. (Pl.'s Resp. at 7.) But counsel misstates Plaintiff's testimony. When challenged with the assertion that he had "lied to Blue

14

Cross-Blue Shield" by endorsing as true the obviously false assertion that he was married, Plaintiff responded with a disconnected answer, "No. We were getting married." (Pl.'s Dep. at 186:13-15). This is not the same as denying an intent that USMC rely on the insurance form and the representations he made on it. Plaintiff's ineffectual attempt to deflect the accusation – contending that he did not really "lie" to Blue Cross-Blue Shield because he secretly harbored a marriage plan – does not raise a genuine issue as to his intent that Defendant rely on the USMC insurance form.

Plaintiff further points to his deposition statement that Stamps had her own insurance, (Pl.'s Dep. at 188:8-25), and to the lack of evidence that Stamps used Defendant's health and dental insurance plans, (Pl.'s Resp. at 9). According to Plaintiff, a trier of fact could infer from this evidence that Plaintiff named Stamps as his spouse for some reason other than to obtain health insurance for her. This argument is immaterial and invites rank speculation. Plaintiff's purported motivation for naming Stamps has no bearing on whether he intended Defendant to rely on the insurance form and the representations he made on it. Further, to succeed on its fraud counterclaim, Defendant need not prove anything about the impact Plaintiff's false representation had on Stamps, the potential beneficiary of Plaintiff's fraud. At issue here is only the question of Plaintiff's intent that Defendant act on the insurance form. His assertions about Stamps's insurance claims, or the lack of them, are simply immaterial.

In sum, Defendant has produced sufficient evidence to establish that Plaintiff intended Defendant to rely on the insurance form, and Plaintiff's response has failed to raise a genuine issue of material fact. Defendant is therefore entitled to succeed on this element.

### C. Defendant's Reliance and Damages

Defendant has also showed that there are no genuine issues of fact with respect to the remaining two elements of its fraud claim. First, Plaintiff does not dispute, nor could he, that USMC acted on Plaintiff's falsely represented marital status: USMC regarded "Stamps Bond" as Plaintiff's spouse because he named her as such on the insurance form and enrolled her in the company plan accordingly. (Def.'s Ex. C, Hudson Aff. at ¶¶ 4, 9.) Defendant is therefore entitled to judgment as a matter of law on the actual reliance element of its counterclaim.

Likewise, it is undisputed that USMC suffered injury as a result of acting on Plaintiff's falsely represented marital status: Defendant paid $25,087.68 more in insurance premiums than it otherwise would have by relying on Plaintiff's representation that Stamps was his wife. (Def.'s Ex. C, Hudson Aff. at Ex. A., ¶¶ 5, 6, 9.) At his deposition, Plaintiff stated incorrectly that USMC had not been paying for Stamps's insurance because she was no longer enrolled under his policy. (Pl.'s Dep. 186:20–187:2.) The next day, however, he submitted paperwork to USMC to remove Stamps from his insurance. (Hudson Aff. at Ex. B, ¶ 12.) Plaintiff does not now dispute Defendant's damages and has produced no evidence to raise a genuine issue of material fact on the matter. Defendant is therefore entitled to succeed on the injury element of its counterclaim.

Accordingly, Defendant has demonstrated that it is entitled to judgment as a matter of law on its counterclaim based on the undisputed facts before the court.

## V.  CONCLUSION

IT IS ORDERED that Defendants' "Motion for Summary Judgment on [its] Counterclaim" [Dkt. # 42] is GRANTED.  Summary judgment will be awarded in favor of Defendant against Plaintiff in the amount of $25,087.68.  A separate judgment will issue.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  July 30, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 30, 2010, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522