**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM BOND,

        Plaintiff/Counter-Defendant,

v.                                                Case No. 09-11699

U.S. MANUFACTURING CORP.,

        Defendant/Counter-Plaintiff.

                                        /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the court is a motion for reconsideration filed by Plaintiff/Counter-Defendant William Bond ("Plaintiff"). Defendant/Counter-Plaintiff U.S. Manufacturing Corporation ("Defendant") filed a timely, court-ordered response. No hearing is required. E.D. Mich. LR 7.1(h). For the reasons stated below, the court will deny Plaintiff's motion.

**I. INTRODUCTION**

Defendant initiated its counterclaim on October 14, 2009 to assert one count of fraudulent misrepresentation against Plaintiff under Michigan state law. The counterclaim alleges that Plaintiff misrepresented his marital status on his health and dental insurance forms by listing a woman as his spouse, even though he was not actually married, and that Defendant paid higher premiums as a result. Defendant filed a summary judgment motion, asserting that it was entitled to summary judgment on the counterclaim because the undisputed facts showed that (1) Plaintiff falsely represented the material fact of his marital status; (2) Plaintiff knew the representation was false

when he made it; (3) Plaintiff intended that Defendant would rely on the false representation; (4) Defendant in fact relied on the representation; and (5) Defendant suffered damage in the form of higher insurance premiums as a result of its reliance. The court granted Defendant's motion on July 30, 2010. Plaintiff filed for reconsideration on August 16, 2010.

## II. BACKGROUND

In granting Defendant's motion for summary judgment, the court relied on the following facts, which were undisputed for purposes of the summary judgment motion:

Defendant U.S. Manufacturing Corporation ("USMC") hired Plaintiff as a Manufacturing Technician on March 1, 2004. (Def.'s Ex. A, Pl.'s Dep. at 50:12-14, 21-23.)[1] That day, Plaintiff completed enrollment forms for USMC's health and dental insurance plans, in which USMC permits an employee to enroll a spouse. (Def.'s Ex. A, Pl.'s Dep. 185:18–186:12; Def.'s Ex. B; Def.'s Ex. C, Hudson Aff. at ¶ 10.) On these enrollment forms, Plaintiff named "Gail Stamps Bond" as his spouse. (Def.'s Ex. B.) Plaintiff was not married at the time and had never been married as of his September 9, 2009 deposition. (Def.'s Ex. A, Pl.'s Dep. at 186:9-10, 5:9-10.) A woman named Gail Stamps ("Stamps") is Plaintiff's girlfriend, and Plaintiff testified that he named Stamps as his spouse because "[they] were getting married," even though they had not yet wed. (Def.'s Ex. A, Pl.'s Dep. at 4:9-10, 4:17, 186:4.) USMC enrolled Stamps in its health and dental insurance plans and paid $25,087.68 in additional premiums to cover her from March 2004 to September 2009, except when Plaintiff was on layoff for a seven

---

[1]All citations are to the original briefing on the summary judgment motion.

2

month period between December 2008 and June 2009.  (Def.'s Ex. C, Hudson Aff. at ¶ 5.)  On September 10, 2009, the day after his deposition in this matter, Plaintiff submitted to USMC paperwork to remove Stamps from his company insurance policy.  (Def.'s Ex. C, Hudson Aff. at Ex. C at ¶ 12.)

### III. STANDARD

Federal Rule of Civil Procedure 60 permits a court to grant relief from an order for several reasons, including "excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."  Fed. R. Civ. P. 60(b).  Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

### IV.  DISCUSSION

As an initial matter, the court finds that Plaintiff's motion must be denied because it is untimely.  The local rules provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."  E.D. Mich. LR 7.1(h)(1).  Plaintiff did not file his motion within 14 days of the entry of the court's July 30, 2010 order, but instead filed it three days after this time period expired.  Under the Federal Rules of Civil Procedure, "[w]hen a party may or must act within a specified time *after service* and service is made under Rule 5(b)(2)(C),(D),(E), or (F), 3 days are

added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d) (emphasis added). This rule, while applicable to service made by electronic means, is not implicated by Local Rule 7.1(h) because the time period under that rule begins to run on *entry* of the challenged order, not on *service* of the challenged order. Accordingly, Plaintiff's motion is untimely and will be denied as such.

Nonetheless, even if Plaintiff's motion had been timely, it would have been denied on the merits as well. Plaintiff first argues that the court erred in its July 30, 2010 order by erroneously applying the preponderance of the evidence standard in evaluating Defendant's motion for summary judgment. The court did not apply this standard. The court noted that Michigan law is somewhat ambiguous as to the standard of proof at trial in fraud cases. (7/30/10 Order 5-6.) The court continued, however, to state that any ambiguity was immaterial because Defendant was entitled to summary judgment even under the "clear and convincing" standard. (*Id.* 6.) The court stated throughout the opinion that no reasonable jury, applying the clear and convincing standard, could find in favor of Plaintiff on Defendant's counterclaim. (*See, e.g.*, *id.* 7, 12.) Plaintiff's first ground for relief is therefore misplaced.

The remainder of Plaintiff's motion amounts to little more than "second-guessing" the court's July 30, 2010 opinion. In doing so, he fails to identify any palpable defect by which the court has been misled, and instead simply attempts to relitigate issues that the court has already determined. A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Plaintiff's arguments are belated, unsupported, and ill-founded. Plaintiff primarily focuses on the alleged "possibility" that Plaintiff was somehow confused when he filled out his medical forms and that a reasonable jury could conclude that he simply made a mistake in listing "Gail Stamps Bond" as his spouse on his form. There is no evidence to support this theory –only rank speculation. Plaintiff is not able to avoid summary judgment "with the hope that something can be developed at trial." *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir. 1979) (quoting *First Nat'l Bank v. Cities Serv.*, 391 U.S. 253, 289-90 (1968)); *see also Bryant v. Commonwealth of Kentucky,* 490 F.2d 1273, 1275 (6th Cir. 1974) ("[W]here the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact. Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden."). Further, Plaintiff improperly attempts to rely on additional "evidence," attached to his motion for reconsideration, which is unauthenticated and accompanied by no argument as to why any of it was not submitted earlier.[2]

---

[2] There appears to be a serious question about whether the instruction sheet submitted by counsel is the instruction sheet that corresponds to the form completed by Bond. It is not necessary to expend further judicial resources at this time determining whether Plaintiff or counsel has proffered as an exhibit something that is not what it is purported to be, or the reason for such act if it occurred. This issue may be addressed in connection with the motion for sanctions already pending.

In whole, Plaintiff's motion is untimely and without merit. Nor does it, in any manner whatsoever, raise any legitimate challenge to the court's July 30, 2010 summary judgment order.[3]

### V.  CONCLUSION

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 61] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 22, 2010, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

---

[3] In its response, Defendant asks that the court award sanctions under 28 U.S.C. § 1927 for Plaintiff's frivolous motion for reconsideration. The court does not typically entertain such requests unless they are filed in a separate motion. Here, Defendant has already filed a sanctions motion, which the court will consider after judgment has been entered in this case. Defendant need not file a separate motion for sanctions related to the motion for reconsideration because, if meritorious, Defendant's original motion could encompass the costs associated with preparing a response to the motion for reconsideration.