**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIAM BOND,

      Plaintiff/Counter-Defendant,

v.                                  Case No. 09-11699

U.S. MANUFACTURING CORP.,

      Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SANCTIONS
AND DIRECTING SUBMISSION OF ITEMIZATION OF ATTORNEY FEES**

Before the court is a motion for sanctions filed by Defendant/Counter-Plaintiff

U.S. Manufacturing Corporation ("Defendant" or "USMC").  Defendant seeks sanctions

against Plaintiff/Counter-Defendant William Bond ("Plaintiff") personally, as well as

against his current and former attorneys.  Both attorneys filed responses, and no

hearing is required.  E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the court will

grant Defendant's motion in part and award sanctions against Plaintiff and his current

attorney.

**I.  BACKGROUND**

Plaintiff initiated this action, through attorney John E. Walus, on May 4, 2009.

The complaint asserted three counts: (1) Count I, failure to accommodate under the

Americans with Disabilities Act ("ADA"); (2) Count II, retaliation under the ADA; and (3)

Count III, labeled as "Constructive Discharge."  Plaintiff's complaint alleged that he was

disabled due to his back condition, and that Defendant failed to accommodate him and

then retaliated against him, both in violation of the ADA.  The case proceeded to

discovery.  Following Plaintiff's deposition, in which he made certain damaging

statements, Defendant filed an unopposed motion for leave to file a counterclaim

against Plaintiff.  Defendant filed its counterclaim on October 14, 2009, to assert one

count of fraudulent misrepresentation against Plaintiff under Michigan state law.  The

counterclaim alleges that Plaintiff misrepresented his marital status on his health and

dental insurance forms by listing a woman as his spouse, even though he was not

actually married, and that Defendant paid higher premiums as a result.

Almost immediately after the counterclaim was filed, Mr. Walus filed a motion to

withdraw, which was granted on December 11, 2009.  Plaintiff was given time to find

replacement counsel.  Attorney Richard Meier filed an appearance on behalf of Plaintiff

on March 15, 2010, and about three weeks later, Defendant filed two summary

judgment motions, asserting that it was entitled to summary judgment on both the merits

of Plaintiff's complaint as well as on its own counterclaim.  Before the hearing on the

summary judgment motions, Defendant filed the instant motion for sanctions.  The court

subsequently granted both summary judgment motions.  Plaintiff moved for

reconsideration of the counterclaim summary judgment order on August 16, 2010,

which the court denied on November 22, 2010.

## II.  STANDARD

### A.  Sanctions under Rule 11

Under Federal Rule of Civil Procedure 11, certain obligations are imposed on

attorneys.  Specifically,

2

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  If the court determines that Rule 11(b) has been violated, and sufficient notice and opportunity to respond has been given, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  The court cannot impose a monetary sanction against a represented party for violating Rule11(b)(2).  Fed. R. Civ. P. 11(c)(5)(a).

A motion for Rule 11 sanctions may be filed with the court only after it has been served on the party and the party has had twenty-one days to withdraw the offending filing.  Fed. R. Civ. P. 11(c)(2).  Such notice has been given in this case.

3

### B.  Sanctions under 28 U.S.C. § 1927

Defendant also seeks sanctions under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  The Sixth Circuit has construed "unreasonably and vexatiously" to include conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims."  *Jones v. Cont'l Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986).

### III. DISCUSSION

Defendant has moved for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, against Plaintiff, his current attorney and his former attorney.  For the reasons stated below, the court will award sanctions based on the conduct of Plaintiff and his current attorney, but not his former attorney.

### A.  Rule 11 Sanctions

Defendant first moves for sanctions under Rule 11.  "[T]he central purpose of Rule 11 is to deter baseless filings in district court."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Defendant argues that "[t]his is a case ripe for sanctions", (Def.'s Mot. Br. 1.), and for evidence presents a detailed list of almost every action which counsel and Plaintiff have taken throughout the course of this litigation.

The court is very familiar with this extraordinary case, and has no difficulty

4

recalling the actions to which Defendant refers, as well as the motions, responses, and arguments Defendant offered in reaction to Plaintiff's conduct.  In short, it is true that sanctions are warranted here.  But, contrary to Defendant's intimation, the court cannot agree that a sanction should apply to *every* action that Plaintiff or his counsel undertook. For example, Defendant seeks sanctions related to four documents which are not properly sanctionable.  Defendant contends that sanctions are warranted based on the answers which were filed to Defendant's counterclaim by both former counsel, Mr. Walus, and current counsel, Mr. Meier.  Both answers suffer from essentially the same defect: they did not conform to the requirements of Federal Rule of Civil Procedure 8, because they did not admit, deny, or assert insufficient knowledge to admit or deny Defendant's allegations.  Defendant argues that irrefutable information was already in Plaintiff's possession –chiefly in the form of Plaintiff's own testimony– so as to require certain factual admissions in response to the counterclaim.  Defendant has not shown, however, that these defective pleadings violate Rule 11's requirements.  There was, the court believes, enough play in the joints, given the facts in hand, to permit Plaintiff to assert that he may possess some, but not "sufficient," knowledge to either admit or deny certain assertions in the counterclaim.  Even counting these responses as mistaken, it remains true that not every mistake made by an attorney will subject him to sanctions.[1] Likewise, the court is not persuaded that sanctions are warranted due to Plaintiff's

---

[1]  Moreover, mistakes of this particular sort inured to Defendant's ultimate benefit.  As the court stated in its order granting Defendant's counterclaim, Plaintiff's evasive responses to the allegations in the counterclaim operated as admissions, *see United States v. Vehicle 2007 Mack 600 Dump Truck*, 680 F. Supp. 2d 816, 825-28 (E.D. Mich. 2010), and presented an alternative basis on which to grant Defendant summary judgment.  (7/30/10 Order at 6 n.4.)

5

mistaken listing of various doctors as "expert witnesses."  The doctors were allowable as witnesses, and counsel's apparent misunderstanding that *treating* physicians could testify regardless of an *expert* denotation does not warrant Rule 11 sanctions. Misunderstanding the distinction between a non-expert treating physician and the expert opinion of a non-treater is, in the court's experience, not particularly unusual.  Finally, the court will not award sanctions based on the filing of Plaintiff's motion to compel, in which Plaintiff primarily sought information related to the availability of accommodations at USMC.  It is true that Plaintiff withdrew the motion after Defendant filed a response. But in that response, Defendant clarified that it did not contest whether accommodations were potentially available, only whether Plaintiff was disabled and, if so, whether an accommodation was actually requested.  Thus, in view of Defendant's statements in the response, which then became part of the court record, the requested discovery became moot, and it was not unreasonable or improper for Plaintiff to withdraw the motion to compel.

The remainder of Defendant's arguments are directed, essentially, at the initiation and maintenance of this lawsuit.  Defendant argues that sanctions should be awarded based on the "inaccurate" complaint, the decision by former counsel Mr. Walus to proceed with the case, the subsequent similar decision by current counsel Mr. Meier, and the two responses to the summary judgment motions which Defendant contends contained "numerous inaccuracies, including intentional misrepresentations of facts, unsupported allegations, incomplete copies of exhibits, and the creation of evidence to support [Plaintiff's] claims."  (Def.'s Mot. Br. at 21.)

6

This case presents a challenging sanctions analysis, and involves something resembling a "perfect storm" in the convergence of an untruthful client, aggressive lawyering by Defendant's counsel, and the responses and other papers submitted by Plaintiff's two attorneys that were significantly less than perfect.   Adding to the difficulties is that Plaintiff's current counsel submitted summary judgment responses which made no attempt to conform to the court's formatting requirements, and which contained numerous allegations which were either wholly unsupported or purportedly supported by exhibits that were either incomplete, inaccurate, or non-existent.  The court must sort through all this to determine which actions were sanctionable, and which were merely mistaken or ill-advised.

Defendant argues that this case should never have been filed, and Defendant should be awarded attorney fees for defending itself against baseless claims.  In granting Defendant's two summary judgment motions, the court found that no reasonable jury could find in favor of Plaintiff.  This does not necessarily mean, however, that sanctions should be awarded for pursuing the claims at the outset, or defending against the counterclaim.  Indeed, in conducting the Rule 11 review, "[t]he court is 'expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.'"  *Merritt v. International Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (citing *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir 1987)).

The court first considers the filing of the initial complaint.  As Defendant argues, and the evidence shows, Plaintiff was eventually revealed to be an undisputable liar.

7

The evidence presented by Defendant in support of its counterclaim for fraud has established that Plaintiff intentionally made fraudulent representations on his health care forms, and suggests strongly to the court that Defendant was not the first employer with which he had done so.  Further, the facts presented in Defendant's motion for summary judgment on the complaint display Plaintiff's willingness to ignore the truth in his pursuit of money.[2]  This litigation is without doubt an example of these tendencies.  However, it also cannot be denied that Plaintiff did suffer from some kind of back ailment, and that he was placed on indefinite lay-off.  To an untrained lay person, such as Plaintiff, this may seem enough to claim disability discrimination.

In fact, this case, at its inception, was not as clear-cut as it became at a later point during discovery.  According to Mr. Walus, whose averments of pre-suit investigation the court accepts as true, before filing the complaint he reviewed at least the medical documentation related to Plaintiff's back pain, FMLA requests for his back condition, and a grievance submitted by Plaintiff for his change in position (albeit a grievance related to height rather than back pain).  (Walrus Resp. at 2.)  During the course of this litigation, these documents have been presented to the court, in various forms, along with evidence that Plaintiff was at some point placed on an indefinite lay-off.  This evidence, along with the "numerous conversations" Mr. Walus had with Plaintiff regarding the allegations appears to the court as enough to satisfy Rule 11's

---

[2]  For example, during his layoff from USMC, Plaintiff applied for (1) Workers Compensation, claiming he suffered an on-the-job back injury; (2) Unemployment Compensation, asserting that he was willing and able to work; and (3) Social Security benefits, stating that he was completely disabled and unable to work.  (11/22/10 Order at 7.)

requirements, at least to launch a suit.  The complaint is not an artfully pleaded document,[3] but the court cannot say that filing it violated Rule 11.

The goal of Rule 11 is to deter the abuse of the legal process.  *Merritt,* 613 F.3d at 626 (citing *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)). To that end, "Rule 11 was amended in 1983 to facilitate the imposition of sanctions against attorneys who disregard their professional responsibilities to the court."  *Id.* (citing *Herron*, 858 F.2d at 335).  "[T]he rule 'stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed.'"  *Id.* (quoting *Herron*, 858 F.2d at 335).  The court finds that Mr. Walus did not fall measurably short of his duty to investigate Plaintiff's factual allegations and the relevant law before agreeing to file the complaint.

The "reasonable inquiry" required by Rule 11, however, " is not a one-time obligation."  *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 374 (6th Cir.1996) (quoting *Herron*, 858 F.2d at 335). "[T]he plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11."  *Id.* (quoting *Herron*, 858 F.2d at 335-36).  At some point in these proceedings, it should have become clear to any rational attorney that Plaintiff's action against Defendant, or any defense of Plaintiff's counterclaim, was simply not sustainable.  And the court concludes that that point should have been reached very shortly after reading Defendant's two summary judgment motions.

---

[3]  For example, as noted in the court's November 22, 2010, order, "constructive discharge" should not have been enumerated as a separate claim, but as a way to establish an adverse employment action.  (11/22/10 Order at 24.)

9

"The conduct of counsel who are the subject of a sanction request is measured by an objective standard of reasonableness under the circumstances." *Merritt*, 613 F.3d at 626 (citing *INVST Fin. Group, Inc.*, 815 F.2d at 401). The evidence presented in Defendant's summary judgment motions was so wholly one-sided, and the law so decidedly against Plaintiff's position, that no reasonable attorney could have opposed them. Stated otherwise, Plaintiff's responses in opposition to Defendant's motions do not meet the requirements of Rule 11. Specifically, the factual contentions made in both responses lacked evidentiary support, Fed. R. Civ. P. 11(b)(3), and the denials of factual contentions were not warranted on the evidence Fed. R. Civ. P. 11(b)(4).

Both Plaintiff and Plaintiff's current counsel, Mr. Meier, are responsible for these violations. Rule 11 "imposes a duty on Plaintiff and Plaintiff's counsel alike to undertake a 'reasonable inquiry' into the law and facts before filing a [pleading, written motion, or other paper] with the court." *Gilreath v. Clemens & Co.*, 212 F. App'x 451, 465 (6th Cir. 2007) (citing Fed. R. Civ. P. 11(b); *Albright v. Upjohn*, 788 F.2d 1217, 1221 (6th Cir. 1986); *INVST Fin. Group Inc.*, 815 F.2d at 401). Both Plaintiff and his counsel Meier failed in these obligations.

Both responses contained so many misstatements of fact and unsupported allegations that the court will not list each and every one here. Defendant has attached, as an exhibit to its motion for sanctions, a detailed list of Plaintiff's most egregious inaccuracies. (Def.'s Mot. Br. Ex. G.) The list conforms to the court's view of the history of the case, but is not exhaustive. Central to the court's decision to award sanctions for the filing of the responses is the complete lack of any evidentiary support provided in Plaintiff's response to the counterclaim motion, as well as the flimsy evidentiary support

10

provided in Plaintiff's other response to show that Defendant had any knowledge of
Plaintiff's alleged disability, or regarded Plaintiff as disabled.  Similarly, Plaintiff did not
even attempt to present any argument or factual support, despite numerous
opportunities to do so, to show Plaintiff had been constructively discharged.  Put simply,
no reasonable attorney would have opposed Plaintiff's two motions for summary
judgment, because the record before the court conclusively shows there was simply no
evidence upon which to defend the counterclaim[4] and insufficient evidence to sustain
Plaintiff's causes of action.  Further, in filing the two response briefs, Plaintiff was either
deliberately or recklessly careless with the factual record of this case.  For example, in
support of Plaintiff's retaliation claims, he relied on transfers that occurred *before* the
filing of an EEOC charge, which obviously could not have been caused by the later filed
EEOC charge.  Most troublesome, however, is the fact that many of Plaintiff's exhibits
were completely missing, inaccurate or incomplete—and, to date, counsel has provided
no explanation for this.[5]

---

[4] This observation fully recognizes that Plaintiff, in his deposition testimony,
sidestepped an actual admission that he "lied" in filling out the Blue Cross form.
Confronted with the fact that he admitted that, 1) he listed Gail Stamps-Bond as his
"spouse," and that, 2)  he was not married to Gail Stamps, he was asked, "You lied to
Blue Cross-Blue Shield?"  To this, Plaintiff responded, "No. We were getting married so
I put a name on there."  This *non-sequitur* may not be a direct admission of a lie, but the
facts that Plaintiff admitted, side-by-side, cannot be explained by anything other than an
outright lie in the application.

[5] A salient example of this is Mr. Meier's continued but factually unsupported
reference in pleadings and at oral argument to the "entire" Blue Cross form, or the back
of it, as a justification for Plaintiff's claim that he was entitled to list as his spouse
someone to whom he was not married so long as he *intended* to marry her.  An
unrebutted affidavit submitted by a Human Resources representative makes clear that
the form used by Defendant and filled out by Plaintiff was blank on the reverse.  The
court cannot know if Plaintiff's unsupported claim in this regard was based on a

Thus, the court finds that Plaintiff and his current attorney violated Rule 11's obligations by filing responses in opposition to the summary judgment motions, and in continuing to defend against the counterclaim and pursue Plaintiff's complaint in the absence of any evidentiary support for Plaintiff's positions. With respect to determining an "appropriate sanction," Rule 11 provides:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). Additionally, "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

After considering the matter, the court will award against both Plaintiff and Mr. Meier the reasonable attorney fees incurred by Defendant *after* and directly resulting from the improper responses. The court finds this sanction to be appropriate under the circumstances of this case and "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).[6] Those fees shall presumptively include the review of the responses, the research and drafting

---

statement of Plaintiff to his attorney or a whole-cloth invention of the attorney. Both Plaintiff and his counsel are jointly and severally responsible for it in any event.

[6] The Sixth Circuit has likewise limited sanctions to "the point in time at which [plaintiffs] should have realized that their claims were frivolous and the lawsuit should have been voluntarily dismissed." *Dearborn Street Bldg. Assocs., LLC v. Huntington Nat. Bank*, No. 09-2414, 2011 WL 558392, at *4-5 (6th Cir. Feb. 17, 2011) (quoting *Garner v. Cuyahoga Cnty. Juvenile Ct.*, 554 F.3d 624, 643 (6th Cir. 2009)).

12

of the reply briefs (including the ex parte motion for a page extension), the research and drafting of this motion for sanctions, the preparation and participation in oral argument, and the preparation of the response to Defendant's motion for reconsideration, which was filed in further defense to Defendant's counterclaim.  While these enumerated fees will be presumptively recoverable, the court will consider awarding any additional attorney fees for expenses incurred after the filing of the responses, as Plaintiff should have abandoned his positions at that time.

 The court will require Defendant's counsel to submit an detailed statement of attorney fees so that the court can make the appropriate lodestar calculation.  Plaintiff and Mr. Meier may file any appropriate response to Defendant's statement.  The court notes that a reasonable attorney's fee does not necessarily mean actual legal expenses incurred, and accordingly, the court will carefully review Defendant's submission to determine the reasonableness of the expended time.  *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989) (citing *INVST Fin. Group Inc.*, 815 F.2d at 404).

### B.  28 U.S.C. § 1927

Reasonable costs and attorney fees are also available under 28 U.S.C. § 1927 when an attorney or party "so multiplies the proceedings in [a] case unreasonably and vexatiously."  28 U.S.C. § 1927.

> [T]he application of § 1927 is warranted when an attorney has engaged in some sort of conduct that, from an objective standpoint, "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party."  *In re Ruben,* 825 F.2d 977, 984 (6th Cir. 1987), *cert. denied,* 485 U.S. 934, 108 S.Ct. 1108, 99 L. Ed. 2d 269 (1988).  However, the attorney's misconduct, while not required to have been carried out in bad faith, must amount to more

than simple inadvertence or negligence that has frustrated the trial judge.
*Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996).  Accordingly, an
attorney may be sanctioned if there is "a showing of something less than subjective bad
faith, but something more than negligence or incompetence.  Thus, an attorney's
behavior is sanctionable when he intentionally abuses the judicial process or knowingly
disregards the risk that his actions will needlessly multiply proceedings."  *Followell v.
Mills*, 317 F. App'x 501, 511 (6th Cir. 2009).

Here, largely for the reasons discussed above, the court declines to award
sanctions against Mr. Walus.  While some of his filings were technically flawed, the
court is not persuaded that he unreasonably or vexatiously multiplied the proceedings.
The initiation of this lawsuit was not made in bad faith and, rather, it appears Mr. Walus
filed his motion to withdraw when he believed he could no longer pursue his client's
position in good faith.

Likewise, the court does not find that Mr. Meier's decision to represent Plaintiff is
deserving of sanctions.  Nor was his deficient answer or witness list an unreasonable or
vexatious multiplication of the proceedings.

However, the decision to oppose Defendant's summary judgment motions, and
the filing of the unsupported and inaccurate response briefs, "from an objective
standpoint," fell far short "of the obligations owed by a member of the bar to the court."
*Holmes*, 78 F.3d at 1049.   Mr. Meier's misconduct in filing the response briefs,
amounted to "more than simple inadvertence or negligence."  *Id.*  Instead, the court
finds that Mr. Meier either intentionally or knowingly disregarded "the risk that his
actions will needlessly multiply proceedings."  *Followell*, 317 F. App'x at 511.

14

This case should have ended when Defendant filed its summary judgment motions.  Based on all the evidence that has been presented to the court, a reasonable attorney would not have attempted to prolong this litigation.  Plaintiff's decision to continue this case—and more specifically to continue the case based on defective filings—through summary judgment and even to a motion for reconsideration unreasonably and vexatiously multiplied the proceedings.

 "An attorney [or party] is liable under § 1927 solely for excessive costs resulting from the violative conduct."  *Ridder v. City of Springfield,* 109 F.3d 288, 299 (6th Cir. 1997).  Accordingly, Mr. Meier will be liable for all reasonable attorney fees resulting from his efforts to oppose the summary judgment motions, and for filing patently improper, inaccurate, and unsupported response briefs.

The court will not award duplicative sanctions, however, and this award is identical to the Rule 11 sanctions, not in addition to the Rule 11 sanctions.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's motion for sanctions [Dkt. # 55] is GRANTED IN PART and DENIED IN PART.  IT IS GRANTED in that sanctions are awarded, jointly and severally, against Plaintiff and attorney Richard Meier and DENIED as against attorney John E. Walus.

Defendant is DIRECTED to submit a statement of fees by **April 15, 2011**, for attorney fees incurred after and as a result of the filing of the responses to the summary judgment motions.  The typical, although not required, format for presenting the necessary information is a time-log-type format, containing columns for (1) the date, (2)

the hours worked for each particular activity, (3) a description of the work performed,

and (4) the name, title, and hourly rate of the individual who performed the work.

Any response by Plaintiff and Mr. Meier shall be filed by **April 22, 2011**.

                                   S/Robert H. Cleland                                  
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, March 29, 2011, by electronic and/or ordinary mail.

                                   S/Lisa Wagner                                  
                                  Case Manager and Deputy Clerk
                                  (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-11699.BOND.GrantSanctions.chd.3.wpd

16